# EXHIBIT O

Case: 1:13-cv-03418 Document #: 152-16 Filed: 01/13/17 Page 2 of 5 PageID #:3787

KENNETH SHOUP                                            November 13, 2015
NOT DEAD YET vs. PRIDE SOLUTION                                          1

```
 1            UNITED STATES DISTRICT COURT FOR THE
 2                 NORTHERN DISTRICT OF ILLINOIS
 3                        EASTERN DIVISION
 4    NOT DEAD YET MANUFACTURING, INC., )
 5            Plaintiff,                )
 6         vs.                          )  No. 13-CV-3418
 7    PRIDE SOLUTION, LLC, MAY WES      )
 8    MANUFACTURING,                    )
 9            Defendants.               )
10            Deposition of KENNETH E. SHOUP, called
11    for examination, taken pursuant to notice,
12    agreement and by the provisions of the Rules of
13    Civil Procedure for the United States District
14    Courts pertaining to the taking of depositions,
15    taken before PATRICIA A. ARMSTRONG, a Notary
16    Public within and for the County of DuPage, State
17    of Illinois, and a Certified Shorthand Reporter,
18    No. 084-1766, of said state, taken at 120 South
19    Riverside Plaza, Suite 1200, Chicago, Illinois, on
20    the 13th day of November, 2015 at 1:00 p.m.
21
22
23
24
```



Case: 1:13-cv-03418 Document #: 152-16 Filed: 01/13/17 Page 3 of 5 PageID #:3788

KENNETH SHOUP  November 13, 2015
NOT DEAD YET vs. PRIDE SOLUTION  49

```
 1        Q.    No, you do not know, or no, there was
 2   no investigation?
 3        A.    We did not investigate that.
 4        Q.    Do you agree with that statement?
 5        A.    Which statement?
 6        Q.    The statement that we talked about
 7   that is contained in the first page?
 8        A.    I'm sorry.  I didn't hear you.
 9        Q.    Do you agree with the statement that
10   the entire delay between the date the claim was
11   due under 37 CFR1.78 and the date of the filing of
12   the claim for benefit of the prior five
13   application was unintentional?
14        A.    Yes.
15        Q.    What is the factual basis for that
16   statement?
17        A.    That it was unintentional?
18        Q.    Yes.
19        A.    Joe Kuo called me and said they had
20   made a mistake and that he had corrected it.
21        Q.    That's the entirety of your basis?
22        A.    That's it.
23        Q.    Do you recall what the mistake was
24   specifically?
```



Case: 1:13-cv-03418 Document #: 152-16 Filed: 01/13/17 Page 4 of 5 PageID #:3789

KENNETH SHOUP　　　　　　　　　　　　　　　　November 13, 2015
NOT DEAD YET vs. PRIDE SOLUTION　　　　　　　　　　　　　　50

```
 1            A.     That he didn't tie latter into
 2     previous.
 3            Q.     Why was that a mistake?
 4            A.     It didn't tie everything that we had
 5     done to the very first application.
 6            Q.     And it was supposed to?
 7            A.     It should have, yes.  That was the
 8     intent.
 9            Q.     Intent based upon what?
10            A.     What I thought was supposed to
11     happen.
12            Q.     What did you think was supposed to
13     happen?
14            MR. KUO:  Asked and answered.  You can
15     answer it again.
16     BY THE WITNESS:
17            A.     I'm sorry.  Now, I got lost.  Can you
18     repeat that question?
19            MR. DU FAULT:  Read it back.
20                  (WHEREUPON, the record was read by
21                   the reporter.)
22     BY THE WITNESS:
23            A.     That everything would be tied
24     together.
```



Case: 1:13-cv-03418 Document #: 152-16 Filed: 01/13/17 Page 5 of 5 PageID #:3790

KENNETH SHOUP	November 13, 2015
NOT DEAD YET vs. PRIDE SOLUTION	51

```
 1   BY MR. DU FAULT:
 2        Q.    By "tied together," what do you mean?
 3        A.    That one patent would be hooked to
 4   the other as in a progression.
 5        Q.    My question is:  Why did you think
 6   that they would all be tied together?
 7        A.    Because there would be no reason not
 8   to.
 9        Q.    Do you know if in the past five
10   years, NDY has ever had to file a petition to
11   claim priority back for an unintentionally delayed
12   claim --
13        A.    No.
14        Q.    (Continuing.) -- of domestic benefit?
15        A.    No.
16        MR. KUO:  Other than the one we are talking
17   about?
18   BY MR. DU FAULT:
19        Q.    Other than the one we are talking
20   about?
21        A.    No.
22        Q.    Do you know if your Counsel has had
23   to file any such things in the past five years?
24        A.    No.
```

